UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**JOSE LUIS DURAN-FERREIRA,**

                 **Petitioner,**

    **-vs-**                                                    **05-CR-573**

**UNITED STATES OF AMERICA,**

                 **Respondent.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I.**    **INTRODUCTION**

Petitioner was convicted upon is guilty plea to violating 8 U.S.C. § 1326(a) & (b)(2) (re-entry of a removed alien) and sentenced to 46 months imprisonment. Thereafter, the United States Court of Appeals for the Second Circuit dismissed Petitioner's appeal on the ground that Petitioner knowingly and voluntarily waived his right to appeal a sentenced of 57 months or less. See Mandate, dkt. # 29.

Petitioner then moved in this Court to reduce his sentence, arguing that: (1) his sentence was unreasonable because the Court double counted his criminal history; (2) he should have received a downward departure due to the "fast track" disparity; and (3) as a deportable alien, he was subject to a more severe term of incarceration than other similarly situated persons. See Motion to Reduce Sentence, dkt. # 30. The Court interpreted the motion as one more properly brought under 28 U.S.C. § 2255, and advised

1

Petitioner that the Court intended to convert the motion to one brought under Section 2255. See Dec. & Ord., dkt. # 31.  The Court further advised Petitioner of the ramifications of such a conversion. Id.

Petitioner thereafter filed a formal Section 2255 motion raising the following grounds to collaterally attack his sentence: (1) the waiver of appeal was unknowingly and involuntarily entered; (2) the Court failed to explain its reason for rejecting a sentence "lower than the prescribed guideline range;" (3) the Court "consider[ed] a sentence within the Guidelines imprisonment range as an appropriate sentence contrary to the significance of the remaining factors;" (4) the Court "double counted" Petitioner's criminal history by using his prior convictions to raise his offense level and his criminal history; (5) Petitioner's prior convictions should not have been used to raise his offense level because he committed the crimes only to obtain money for his drug habit;[1] (6) Petitioner should have received a downward departure due to the disparity in sentences in this District and in "fast track" districts; and (7) as a deportable alien, he was subject to a more severe term of incarceration than other similarly situated persons. The Government opposes the motion, asserting, *inter alia*, that the claims are barred because Petitioner waived his right to collaterally attack a sentence of 57 months or less.

## II.     DISCUSSION

---

[1] Pursuant to U.S.S.G. § 2L1.2(b)(1)(A), if the defendant was previously deported after a conviction for a felony that is a drug trafficking conviction for which the sentence imposed exceeded 13 months, the offense is increased by sixteen levels. Duran-Ferreira was ordered removed from the United States in 1999 and was actually deported on May 31, 2000, subsequent to convictions for Criminal Sale of a Controlled Substance in the Third Degree and Attempted Criminal Sale of a Controlled Substance in the Third Degree, both in Queens County Superior Court on March 5, 1999.  He received concurrent sentences with the State of New York of one to three years incarceration.  Therefore, his offense level was increased by sixteen levels.

Plaintiff's first ground of attack, that the appeal waiver contained in his plea agreement was not knowingly and voluntarily entered, has been decided against him by the Second Circuit. See Mandate, dkt. # 29. It is well settled that a § 2255 petition cannot be used to "relitigate questions which were raised and considered on direct appeal." United States v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001); see United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997) ("A § 2255 motion may not relitigate issues that were raised and considered on direct appeal."). Thus, the issue is now barred.

Inasmuch as the appeal waiver and collateral attack waiver were both contained in the same paragraph of the same agreement, see Plea Agreement, ¶ 12, dkt. # 10, and because Petitioner has not offered an argument distinguishing his understanding of the collateral attack waiver from the appeal waiver, the Second Circuit's determination on the appeal waiver is binding on the collateral attack waiver. Further, the record of the plea allocution amply supports the conclusion that Petitioner entered his appeal and collateral attack waivers knowingly and voluntarily. See Plea Trans., p. 18. Thus, the Court concludes that Petitioner entered his collateral attack waiver knowingly, voluntarily, and with a full awareness of the rights he was giving up.

"When a defendant signs a plea agreement containing a waiver of the right to file a habeas petition, the waiver is enforceable provided that the plea agreement was 'entered into knowingly and voluntarily, and with awareness of his waiver of . . . collateral attack.'" Tremblay v. U.S., 2009 WL 1055007, at *8 (S.D.N.Y. April 20, 2009)(quoting Garcia-Santos v. United States, 273 F.3d 506, 508 (2d Cir. 2001)). "Having secured the benefits of the plea bargain, [Petitioner] cannot now assert rights that he knowingly and voluntarily waived in consideration for those benefits. 'Such a remedy would render the

plea bargaining process and the resulting agreement meaningless.'" Id. (quoting United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir.1993) (*per curiam*)); see also United States v. Hawkins, 513 F.3d 59, 61 (2d Cir. 2008); United States v. Cunningham, 292 F.3d 115, 117 (2d Cir. 2002); United States v. Ready, 82 F.3d 551, 556 (2d Cir. 1996).

### III.     CONCLUSION

Petitioner's claims are barred by the waiver of the right to collaterally attack his sentence contained in his plea agreement. Accordingly, the Section 2255 motion is denied and the petition is dismissed.

**IT IS SO ORDERED.**

Dated: June 16, 2009

Thomas J. McAvoy
Senior, U.S. District Judge